

U.S. Department of Justice

United States Attorney
District of New Jersey
*Criminal Division*

970 Broad Street, Suite 700  
Newark, New Jersey 07102

general number: (973) 645-2700  
telephone: (973) 645-2708  
fax: (973) 297-2094  
e-mail: scott.mcbride@usdoj.gov

SBM/PL AGR  
2012R00826

December 29, 2015

Raymond M. Brown, Esq.  
Greenbaum, Rowe, Smith & Davis LLP  
P.O. Box 5600  
Woodbridge, New Jersey 08830

      Re: <u>Plea Agreement with Carol Sanzo</u>

*Cr. 16-317 (WHW)*

Dear Mr. Brown:

      This letter sets forth the plea agreement between your client, Carol Sanzo, and the United States Attorney for the District of New Jersey ("this Office").

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Carol Sanzo to a one-count Information that charges her with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If Carol Sanzo enters a guilty plea and is sentenced on this charge, and if she otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Carol Sanzo for acting as a "straw" or "pass-through" Disadvantaged Business Enterprise ("DBE") and thereby enabling contractors to bypass the federal government's DBE requirements, from 2008 through 2012. Nevertheless, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Carol Sanzo agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Carol

Sanzo may be commenced against her, notwithstanding the expiration of the limitations period after Carol Sanzo signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which Carol Sanzo agrees to plead guilty carries a statutory maximum prison sentence of twenty (20) years, and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Carol Sanzo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Carol Sanzo ultimately will receive.

Further, in addition to imposing any other penalty on Carol Sanzo, the sentencing judge (1) will order Carol Sanzo to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Carol Sanzo to pay restitution, pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Carol Sanzo, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Carol Sanzo to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should Carol Sanzo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Carol Sanzo may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Carol Sanzo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the

2

sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of Carol Sanzo's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Carol Sanzo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Carol Sanzo from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Carol Sanzo waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Carol Sanzo agrees that as part of her acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, she will consent to the entry of a forfeiture money judgment in the amount of $250,000 (the "Forfeiture Money Judgment"). Carol Sanzo acknowledges that the

3

Forfeiture Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1343 and 1349, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense and/or substitute assets for property subject to forfeiture, as described in 21 U.S.C. § 853(p).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service. On or before the date she enters her plea of guilty pursuant to this agreement, Carol Sanzo shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Carol Sanzo enters her plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Carol Sanzo fails to pay any portion of the Forfeiture Money Judgment on or before the date of her guilty plea, she consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the Forfeiture Money Judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Carol Sanzo represents that she has disclosed all of her assets to the United States on the attached Financial Disclosure Statement. The Defendant agrees that if the Government determines that she has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Carol Sanzo consents to the administrative, civil, and/or criminal forfeiture of her interests in any assets that she failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that Carol Sanzo owns or in which Carol Sanzo has an interest be discovered, Carol Sanzo knowingly and voluntarily waives her right to any required notice concerning the forfeiture of said assets. Carol Sanzo further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Carol Sanzo further agrees to waive all interest in any other property forfeited in partial or full satisfaction of the Forfeiture Money Judgment in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Carol Sanzo agrees to consent to the entry of orders of forfeiture for any other property forfeited in partial or full satisfaction of the Forfeiture Money Judgment and waives the requirements of Rules 32.2

and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Carol Sanzo understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Carol Sanzo hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Carol Sanzo understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Carol Sanzo understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Carol Sanzo wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Carol Sanzo understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Carol Sanzo waives any and all challenges to her guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Carol Sanzo This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from

5

initiating or prosecuting any civil or administrative proceeding against Carol Sanzo

No provision of this agreement shall preclude Carol Sanzo from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Carol Sanzo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Scott B. McBride
Assistant U.S. Attorney

APPROVED:

Joseph G. Mack
Deputy Chief, Health Care and Government Fraud Unit

I have received this letter from my attorney, Raymond M. Brown, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 6/16/16
Carol Sanzo

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 6/16/16
Raymond M. Brown, Esq.

7

## Plea Agreement With Carol Sanzo

### Schedule A

This Office and Carol Sanzo recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Carol Sanzo nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Carol Sanzo within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Carol Sanzo further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

1) The version of the United States Sentencing Guidelines effective November 1, 2015, applies in this case. The applicable guideline for the violation of 18 U.S.C. §§ 1343 and 1349 and is U.S.S.G. § 2B1.1. Pursuant to U.S.S.G. § 2B1.1(a)(1), because this agreement relates to an offense referenced to U.S.S.G. § 2B1.1, and the offense carries a statutory maximum sentence of 20 years, the Base Offense Level is 7.

2) Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(F) applies, because the loss cannot readily be determined, but Carol Sanzo's gain from the criminal conduct was $250,000. This Specific Offense Characteristic results in an increase of 10 levels.

3) As of the date of this letter, Carol Sanzo has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for Carol Sanzo's acceptance of responsibility is appropriate if Carol Sanzo's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

4) As of the date of this letter, Carol Sanzo has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Carol Sanzo's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Carol Sanzo enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Carol Sanzo's acceptance of responsibility has continued through the date of sentencing and Carol Sanzo therefore qualifies for a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Carol

Sanzo's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

5) In accordance with the above, the parties agree that the total Guidelines offense level applicable to Carol Sanzo is 14 (the "agreed total Guidelines offense level").

6) The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

7) Carol Sanzo knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 14. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 14. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8) Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.